NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0064n.06

No. 24-5611

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Feb 04, 2025
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| DUANE BURNS, | ) | |
| Plaintiff-Appellee, | ) ) ) | |
| v. | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE |
| EVERGREEN DESIGN & CONSTRUCTION, LLC, | ) ) ) | |
| Defendant-Appellant. | ) ) ) ) | OPINION |

Before: BATCHELDER, BUSH, and BLOOMEKATZ, Circuit Judges.

**JOHN K. BUSH, Circuit Judge.** Duane Burns hired Evergreen Design & Construction to build a cabin in Gatlinburg, Tennessee. Burns alleges that Evergreen left the cabin unfinished and the subcontractors unpaid. After Burns filed a complaint for breach of contract, negligence, and fraud, Evergreen moved to compel arbitration pursuant to the construction contract. The district court denied the motion, finding the contract does not contain an arbitration clause. Evergreen filed an interlocutory appeal to bring the motion before this court, which we review de novo. *Schwebke v. United Wholesale Mortg. LLC*, 96 F.4th 971, 973 (6th Cir. 2024). We agree with the district court's analysis and **AFFIRM** the denial of the motion.

The question before us is what the contract means when it orders "binding mediation" to settle disputes. Binding mediation is an oxymoron because the key attribute of mediation is that it is nonbinding. *See Team Design v. Gottlieb*, 104 S.W.3d 512, 524 n.36 (Tenn. Ct. App. 2002), *overruled on other grounds by Tuetken v. Tuetken*, 320 S.W.3d 262 (Tenn. 2010). If "binding

mediation" means anything at all, it must be binding arbitration or nonbinding mediation. Like the district court, we apply the traditional *contra proferentem* principle and construe the provision against the drafter, Evergreen, finding that it does not imply an agreement to arbitrate. *Allstate Ins. Co. v. Watson*, 195 S.W.3d 609, 612 (Tenn. 2006).

Evergreen argues that a separate warranty agreement appended to the contract adds context that favors arbitration. Even assuming the parties entered into this warranty agreement, which is unsigned, Evergreen's argument does not persuade us. Right before the alleged warranty repeats the same provision on "binding mediation," it prescribes "final and binding arbitration." However, this provision cuts against an interpretation of the main contract that favors arbitration. For one, this alleged warranty has no force itself—it would have come into effect only once Evergreen completed the project, and that has not happened. But as an interpretive tool, the alleged warranty shows that the parties knew how to write a clear arbitration clause. That they failed to include one in the contract suggests they did not want to arbitrate. *Cf. Koch v. Constr. Tech., Inc.*, 924 S.W.2d 68, 73 (Tenn. 1996). Further, for the binding mediation provision in the alleged warranty to have any meaning, it would have to imply something other than arbitration. Evergreen's interpretation would make the alleged warranty's binding mediation clause redundant, which also counsels against reading such language to imply arbitration. *See Lovett v. Cole*, 584 S.W.3d 840, 861 (Tenn. Ct. App. 2019).

Evergreen counters with precedent suggesting that courts should interpret arbitration clauses to have a wide scope. Indeed, courts prefer to leave disputes to an arbitrator when the alternative is to spend a bounty in dollars and time to put them before a jury. *See Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000). But courts compel arbitration only when the parties have agreed to it. *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648–49 (1986).

2

Evergreen's cases address only the scope of an arbitration clause, not whether one exists in the first instance. For that, Tennessee law uses traditional principles of contract interpretation. *Frizzell Constr. Co. v. Gatlinburg, L.L.C.*, 9 S.W.3d 79, 85 (Tenn. 1999). And such principles include *contra proferentem* and the presumption against redundancy. *Allstate*, 195 S.W.3d at 612; *Lovett*, 584 S.W.3d at 861.

For these reasons, we **AFFIRM** the district court's denial of the motion to compel arbitration.